**'08 CIV 5280**

JUDGE KAPLAN

297-08/MEU/PLS
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
MERIDIAN BULK CARRIERS
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Pamela L. Schultz (PS 8675)

***UNDER TEMPORARY SEAL***

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MERIDIAN BULK CARRIERS, LTD.,

                              Plaintiff,

   - against —

SHIPPING AND TRADING HARRISONS GmbH
a/k/a S&T HARRISONS a/k/a S&T SHIPPING
AND TRADING HARRISONS GmbH a/k/a S&T
SHIPPING & TRADING HARRISONS,

                              Defendant.
------------------------------------------------------------------x

08-Civ-

**VERIFIED COMPLAINT**

    Plaintiff, MERIDIAN BULK CARRIERS, LTD., (hereinafter "MERIDIAN") by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SHIPPING AND TRADING HARRISONS GmbH a/k/a S&T HARRISONS a/k/a S&T SHIPPING AND TRADING HARRISONS GmbH a/k/a S&T SHIPPING & TRADING HARRISONS (hereinafter "S&T") alleges upon information and belief as follows:

    1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.  Jurisdiction is also proper pursuant to the Court's

NYDOCS1/305599.1

federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, MERIDIAN was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at c/o Sono Shipping LLC at 919 Congress Avenue, Suite 620, Austin, Texas 78701.

3. At all times relevant hereto, S&T was and still is a business entity duly organized and existing under the laws of a foreign country with an address at Otlendorfer Landstr. 29, 22955 Holsdorf, Germany.

4. On or about February 16, 2007, non-party Santaflor Marine Company Limited as Owner chartered the M/V AFEA to MERIDIAN as charterer for a minimum of ten to thirteen month period (hereinafter "the Head Charter Party").

5. On or about April 30, 2007, MERIDIAN, as disponent owner, and S&T, as charterer, entered into a maritime contract of charter party for use and operation of the M/V AFEA ("the charter party") for a minimum of ten (10) to thirteen (13) months.

6. The terms of the charter party between MERIDIAN and S&T were on back to back terms as the Head Charter Party with the exception of a difference in the hire rate.

7. Pursuant to the terms of the charter, the vessel was duly delivered to Defendant S&T and the charter party was performed.

8. The charter party requires that S&T, as charterer, direct the vessel only to call at safe ports and berths.

9. S&T ordered the vessel to proceed to the port of Djen Djen, Algeria.

10. Djen Djen, Algeria was an unsafe port and accordingly, S&T's ordering of the vessel to that port was a violation of the terms of the charter party.

11. As a direct result of the unsafe nature of the port of Djen Djen, on or about November 10, 2007 while at Djen Djen the vessel made contact with the berth because of bad weather resulting in physical damage to the vessel and the pier.

12. The Djen Djen Port Authority made claims against the vessel in the sum of $8,200 which Head Owners paid.

13. The damage to the vessel, which has not yet been repaired, is estimated by Head owners at $387,065, including time lost during the repairs.

14. Head Owners have demanded payment for these items of damages from MERIDIAN.

15. In addition, MERIDIAN has incurred expenses for local surveys at Djen Djen, whose fees total $7,500.

16. On or about October 1, 2007, the vessel loaded a cargo of steel products at various ports in China.

17. The Master of the vessel instructed charterers to issue bills of lading in strict conformity with the mate's receipts and to attach the surveyor's reports detailing the condition of the cargo prior to loading.

18. Contrary to the terms of the charter party and the instructions of the Master, S&T issued clean bills of lading (which identified the carrier as Aegean Carriers SA) in respect to a cargo of steel which bore signs of rust prior to loading.

19. As a direct result of S&T's issuance of clean bills of lading and in breach of the charter party, Head Owners incurred legal, surveyor's and correspondent's expenses in the sum of €34,960.91 (USD $55,117), for which Head Owners have called upon MERIDIAN to pay.

20. Additionally, as a further direct result of S&T's issuance of clean bills of lading in breach of the charter party, cargo claims have been presented to Head Owners which Head Owners have presented to MERIDIAN for payment, and which total approximately $500,000.

21. MERIDIAN has demanded that S&T provide security for the aforementioned claims, but despite due demand S&T has failed and/or refused to pay the amounts.

22. Plaintiff MERIDIAN has fulfilled all obligations required of it under the charter party.

23. The charter party provides for the application of English law and all disputes between the parties are to be resolved by arbitration in London, and Plaintiff MERIDIAN specifically reserves its right to proceed in arbitration.

24. MERIDIAN has commenced and/or shortly will commence arbitration proceedings in London against Defendant.

25. This action is brought to obtain jurisdiction over Defendant and to obtain security in favor of Plaintiff MERIDIAN in respect to its claims against Defendant and in aid of London proceedings.

26. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

27. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as an element of Plaintiff's claim.

28. Plaintiff estimates, as nearly as can be computed, that the legal expenses and arbitral costs of prosecuting the claim in London will be $400,000 and interest on its damages are estimated to be $256,943 (calculated at the rate of 8% for a period of 3 years, the estimated time for completion of the proceedings in London).

### Request for Rule B Relief

29. Upon information and belief, and after investigation, S&T cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that S&T have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of S&T (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of its names at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

30. The total amount to be attached pursuant to the calculations set forth above is **$1,714,825.00**.

WHEREFORE, Plaintiff MERIDIAN BULK CARRIERS prays:

a.   That process in due form of law according to the practice of this Court may issue against S&T citing them to appear and answer the foregoing;

b. That if S&T cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of S&T up to and including **$1,714,825.00** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of S&T (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of its names or as may be held, received or transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against Defendant in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
June 6, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MERIDIAN BULK CARRIERS

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
6th day of June 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/305599.1                                7